UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY TASCH,

     Plaintiff,

v.                                   Case No.  5:25-cv-355-MW-MJF

MATTHEW DILL, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that the District Court dismiss this case without prejudice because Plaintiff violated the Local Rules by failing to disclose his litigation history as required by the complaint form's explicit instructions and the Local Rules.

### BACKGROUND

Plaintiff Anthony Tasch is an inmate of the Florida Department of Corrections ("FDC") housed at the Graceville Correctional Facility. Tasch's FDC inmate number is F32311. Doc. 10 at 1, 2.

Tasch initiated this civil action on December 9, 2025, by filing a complaint under 42 U.S.C. § 1983. Doc. 1. Tasch's amended complaint names as Defendants three prison officials at Graceville CF: Sergeant

Matthew Dill, Officer Butka, and Lieutenant Fabian Aultman. Doc. 10 at 2–3. Tasch alleges that on October 20, 2025, Dill and Butka used excessive force on Plaintiff, and Aultman failed to properly document the use of force. *Id.* at 5–7. Tasch seeks compensatory and punitive damages for the alleged violation of his rights under the Eighth and Fourteenth Amendments.

**DISCUSSION**

**A.    <u>Screening of Tasch's Amended Complaint</u>**

"Although a pro se litigant's filings are construed liberally, they must comply with procedural rules." *McNair v. Johnson*, 143 F.4th 1301, 1307 (11th Cir. 2025) (citations omitted), *petition for cert. filed*, No. 25-808 (Jan. 9, 2026). "A district court has discretion to adopt local rules that are necessary to carry out the conduct of its business." *Frazier v. Heebe*, 482 U.S. 641, 645 (1987); *see also* 28 U.S.C. § 2071; Fed. R. Civ. P. 83(a). "[L]ocal rules generally reflect the courts' traditional 'authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Reese v. Herbert*, 527 F.3d 1253, 1267–68 (11th Cir. 2008) (quoting *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 172–73 (1989)). These rules "are effective 'unless modified or abrogated by the

Page 2 of 10

judicial council of the relevant circuit.'" *Brown v. Crawford County*, 960 F.2d 1002, 1009 n.10 (11th Cir. 1992) (quoting 28 U.S.C. § 2071(c)(1)).

Rule 5.7(A) of the Local Rules of the United States District Court for the Northern District of Florida instructs a *pro se* prisoner bringing suit under 42 U.S.C. § 1983 to use the court's standardized civil-rights complaint form:

> A party not represented by an attorney must file any of these only on a form available without charge from the Clerk or on the District's website: a petition for a writ of habeas corpus, a motion for relief under 28 U.S.C. § 2255, or a complaint in a civil-rights case. A case is a civil-rights case if it asserts a claim under the United States Constitution or a statute creating individual rights, including, for example, 42 U.S.C. § 1983 or the Civil Rights Act of 1964. The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form.

N.D. Fla. Loc. R. 5.7(A).

The complaint form, in turn, instructs the inmate to disclose his litigation history. In particular, under a heading titled "**PRIOR LITIGATION**," the form provides the following directive:

> *This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

Page 3 of 10

Compl. Form at 8. The form goes on to state that the inmate should

*"[a]ttach additional pages as necessary to list all cases."* Compl.

Form at 10, 12. Separately, the form requires the inmate to provide the

following "**CERTIFICATION**":

> I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

Compl. Form at 12.

Local Rule 41.1 describes the consequences of a litigant's failure to

comply with the applicable court rules, and it expressly warns that

dismissal is a possible sanction:

> If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken.

N.D. Fla. R. 41.1.

In short, Tasch is required to complete the standardized civil-rights

complaint form and to complete the form according to its instructions.

## B.   Tasch's Responses to Questions on the Complaint Form

Tasch provided answers to Section VIII of the civil-rights complaint

form which requires Tasch to disclose his litigation history. Doc. 10 at 9.

Page 4 of 10

The complaint form asks three questions:

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issue involved in this case?

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 9–10. Additionally, the complaint form instructs that if the answer is "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.*

Tasch's amended complaint responded "No" to Question VIII(A), and disclosed no cases in response to that question. Doc. 10 at 9. Tasch's initial complaint disclosed the following case: Case No. 5:25-cv-325-TKW-MJF (N.D. Fla. Nov. 14, 2025). *See* Doc. 1 at 10.

Tasch responded "Yes" to Question VIII(B), and disclosed the following case: *Tasch v. Hicks*, No. 5:25-cv-242-MCR-MJF (N.D. Fla. Sept. 9, 2025). *See* Doc. 10 at 10. That case was dismissed on September 22, 2025, for Tasch's failure to comply with the Local Rules for the

Northern District of Florida. *See* No. 5:25-cv-242, Doc. 3 (N.D. Fla. Sept. 22, 2025). Tasch disclosed no other cases in response to Question VIII(B).

Tasch responded "No" to Question VIII(C) of the complaint form, and disclosed no cases in response to that question. Doc. 10 at 10–11; s*ee also* Doc. 1 at 10.

At the end of the civil rights complaint form, Tasch signed his name after certifying: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 12–13. Thus, Tasch has in effect stated that at the time he filed this lawsuit, he had not filed any other lawsuit in state or federal court that related to the conditions of his confinement.

## C.    Tasch's Omissions

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Tasch filed his complaint in this case, Tasch had filed *at least* two additional cases that the complaint form required him to disclose. Specifically, on September 8, 2025, Tasch filed the following two lawsuits that related to the conditions of his confinement at the Gulf Correctional Institution:

- *Tasch v. Buckalou*, No. 5:25-cv-241-MW-MJF, Doc. 1 (N.D. Fla. Sept. 8, 2025) (civil-rights action relating to religious exercise); and

- *Tasch v. Sharwtz*, No. 5:25-cv-243-TKW-MJF (N.D. Fla. Sept. 8, 2025) (civil-rights action alleging verbal abuse and harassment).

The foregoing cases bear Tasch's name and DC# (F32311). The foregoing cases are responsive to Question VIII(C) on the complaint form because they are lawsuits Tasch filed in state or federal court that related to the conditions of his confinement. Tasch's failure to disclose the foregoing cases violates the complaint form's explicit instructions and Tasch's duty of candor to the District Court.

## D.   <u>The Appropriate Sanction Is Dismissal Without Prejudice</u>

"[A] district court may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair*, 143 F.4th at 1306 (internal quotation marks and citations omitted). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history

warrants dismissal of the case under the district court's inherent authority to manage its docket and enforce applicable local rules. *McNair*, 143 F. 4th at 1308; *Id.* at 1306 (noting a district court's "inherent authority to dismiss [a] complaint without prejudice as a sanction for [the plaintiff's] failure to disclose his full litigation history as required by the standard inmate complaint form.").

Here, Tasch violated the Local Rules by failing to disclose his litigation history, as required by the standard complaint form. Tasch knew from reading the complaint form that he was required to disclose all civil cases he filed prior to the complaint in this case. *See* Compl. Form at 8. Tasch knew this not only from the complaint form, but also from the undersigned's order dated March 6, 2026 that reinforced Tasch's duty to disclose. *See* Doc. 9 at 2–4. Tasch also knew that the penalty for failing to disclose the prior lawsuits was dismissal of this case. *See* Compl. Form at 8; *see also* N.D. Fla. Loc. R. 41.1.

A penalty is warranted both to deter Tasch from such conduct and to deter others from similar misrepresentations and omissions. An appropriate sanction for Tasch's violation of the Local Rules by failing to comply with the complaint form's explicit instructions is to dismiss this

case without prejudice. *McNair*, 143 F.4th at 1308; *see also id.* at n.4 ("[A] dismissal without prejudice doesn't depend on a finding of bad faith, and can follow from unintentional or merely negligent conduct.").

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this case without prejudice—pursuant to the Court's inherent authority to manage its docket and enforce the Local Rules—based on Plaintiff's failure to comply with the complaint form's explicit instructions and failure to truthfully disclose his litigation history.

2.    **DIRECT** the clerk of the court to enter judgment accordingly and close this case file.

At Panama City, Florida, this <u>19th</u> day of March, 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be**

filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the District Court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.